IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-00002-KDB

| | |
|---|---|
| **DAVID BRIL,**<br><br>**Plaintiff,**<br><br>v.<br><br>**KILOLO KIJAKAZI, Acting Commissioner of Social Security,**<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff David Bril's Motion for Summary Judgment (Doc. No. 11) and Defendant's Motion for Summary Judgment (Doc. No. 13). Mr. Bril, through counsel, seeks judicial review of an unfavorable administrative decision denying his application for disability insurance benefits under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

## I.  BACKGROUND

On February 27, 2020, Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, alleging that he had been disabled since June 19, 2019. (Tr. 15). Plaintiff's application was denied on its first review and upon reconsideration. (Tr. 102, 111). After conducting a hearing, Administrative Law Judge Theresa R. Jenkins (ALJ) denied Plaintiff's application in a decision dated May 5, 2021. (Tr. 15–28).

1

The Appeals Council denied Plaintiff's request for review and thus the ALJ's decision now stands as the final decision of the Commissioner. (Tr. 1-6). Mr. Bril, through counsel, has timely requested judicial review under 42 U.S.C § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration ("SSA") to determine whether Mr. Bril was disabled under the law during the relevant period.[1] At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571 et seq.); at step two that he had the following severe impairments: degenerative joint disease/osteoarthritis of the left ankle, lumbar radiculopathy, degenerative disc disease, bilateral lumbar spinal stenosis, morbid obesity, diabetes mellitus-type 2; attention deficit hyperactivity disorder (ADHD), major depressive disorder, generalized anxiety disorder, obstructive sleep apnea, and right rotator cuff tear. (20 CFR 404.1520(c)). (Tr. 17-18). At step three, the ALJ found that none of Plaintiff's impairments, nor any combination thereof, met, or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.* at 18.

Before proceeding to step four, the ALJ determined that Mr. Bril had the following residual functional capacity ("RFC"):

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant can perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he could perform occasional postural activities but should avoid workplace hazards, including ladders, ropes, scaffolds, unprotected heights, and machinery with dangerous parts. He has only occasional use of the bilateral lower extremities for pushing, pulling, or operating foot controls. He is able to stand or walk up to four hours and sit up to six hours. He must be able to alternate between sitting and standing up to two times each hour. He could frequently, but not continuously, use the bilateral upper extremities for pushing, pulling, and operating hand controls. He has occasional use of the right dominant upper extremity for reaching overhead. He is able to sustain attention and concentration for two hours at a time, but no work that requires a production rate or demand pace. He needs one to two additional five-minute rest breaks.

At step four, the ALJ found that Plaintiff could not perform his past relevant work as a driver/appliance installer, driver, loader/human resource clerk, account manager, underwriter, and insurance agent. (Tr. 26).

At step five, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform based on his age, education, work experience, and RFC. (Tr. 27-28). These jobs include mail clerk (non-postal) (DOT 209.687-026), library clerk (DOT 249.687-014), and marker (DOT 209.587-034). (Tr. 27). Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act from June 19, 2019, through the date of his decision. (Tr. 28).

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Bird v. Comm'r of SSA*, 699 F.3d 337, 340 (4th Cir. 2012); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision

3

Case 5:22-cv-00002-KDB   Document 15   Filed 08/26/22   Page 3 of 10

of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020); *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). Yet in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

Plaintiff asserts three challenges to the ALJ's decision, arguing that: (1) the ALJ's decision is constitutionally defective; (2) Ms. Berryhill was improperly serving as Acting Commissioner as defined by the Federal Vacancies Reform Act ("FVRA") when she ratified and approved the

appointment of SSA ALJs; and (3) the ALJ applied the incorrect "listing" in evaluating his musculoskeletal impairment. The Court will address each argument in turn.

The Court first finds that the Commissioner's final decision was not constitutionally defective. In *Collins v. Yellen*, 141 S. Ct. 1761, 210 L. Ed. 2d 432 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused her alleged harm. In *Collins*, the Court reasoned that the relevant agency officials were "properly appointed" under a statute that exhibited "no constitutional defect in the . . . method of appointment" and that "the unlawfulness of [a] removal provision" does not "strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." *Id*. at 1787,1788 n. 23. In this case, Plaintiff, as in Collins, grounds his constitutional challenge only on the relevant removal restriction not on the propriety of the Commissioner's appointment. Yet Plaintiff offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of his application for disability benefits. Plaintiff simply argues that all actions taken by the Commissioner - and in turn his appointed ALJ's - are void due to the unconstitutional removal provision. However, *Collins*

expressly rejects this view. *Id*. Therefore, the final decision of the ALJ is not constitutionally defective.[2],[3]

As to the Plaintiff's second argument, the Court finds that Ms. Berryhill was properly appointing and serving as Acting Commissioner during the relevant time frame. The FVRA imposes time limits on individuals serving as acting officials. *See* 5 U.S.C § 3346. Section 3346(a) of the FVRA provides that an acting official who is serving under the FVRA may serve (1) for 210 days beginning on the date of vacancy "or" (2) during the pendency of a first or second nomination. 5 U.S.C. § 3346(a)(1). When interpreting a statute, courts begin with the plain meaning of the text. *See Ross v. Blake*, 578 U.S. 632, 638, 136 S. Ct. 1850, 195 L. Ed. 2d 117 (2016). Here, the text of Section 3346(a) is clear. It establishes the time limits for acting service during either or both of two enumerated periods.

Ms. Berryhill was appointed under the FVRA. (Doc. No. 14). Ms. Berryhill was designated Acting Commissioner on January 21, 2017, and served until November 16, 2017, which represented the 210-day period for acting service. Upon the nomination of Andrew Saul to be the Commissioner of the SSA, Ms. Berryhill resumed her service as Acting Commissioner until Mr.

---

[2] This Court has rejected this argument many times. *See Chipley v. Kijakazi,* No. 5:21-CV-00101-KDB, 2022 U.S. Dist. LEXIS 124418 (W.D.N.C. July 14, 2022); *Arnold v. Kilolo Kijakazi*, No. 5:21-CV-00031-KDB, 2022 U.S. Dist. LEXIS 22624 (W.D.N.C. Feb. 8, 2022); *Early v. Kijakazi*, No. 5:21-CV-00096-KDB, 2022 U.S. Dist. LEXIS 101146 (W.D.N.C. June 7, 2022); *Boger v. Kijakazi*, No. 1:20-CV-00331-KDB, 2021 U.S. Dist. LEXIS 207974 (W.D.N.C. Oct. 28, 2021); *Costner v. Kijakazi*, No. 3:21-CV-00265-KDB, 2022 U.S. Dist. LEXIS 69402 (W.D.N.C. Apr. 14, 2022); *Fox v. Kijakazi*, No. 5:21-CV-00042-KDB, 2022 U.S. Dist. LEXIS 23485 (W.D.N.C. Feb. 9, 2022); *Gilbert v. Kijakazi*, No. 5:21-CV-00036-KDB, 2022 U.S. Dist. LEXIS 2997 (W.D.N.C. Jan. 5, 2022); *Robinson v. Kijakazi*, No. 1:20-CV-00358-KDB, 2021 U.S. Dist. LEXIS 206914 (W.D.N.C. Oct. 27, 2021); *Smith v. Kilolo Kijakazi*, No. 1:20-CV-00398-KDB, 2022 U.S. Dist. LEXIS 5502 (W.D.N.C. Jan. 11, 2022).

[3] The Court need not and does not reach the Commissioner's additional arguments (harmless error, De Facto Officer doctrine and Rule of Necessity) in support of the constitutionality of the ALJ's ruling.

Saul was sworn in as Commissioner, or during the nomination's pendency. *See* 5 U.S.C. § 3346(a)(2). By the plain language of the statute, Ms. Berryhill was properly in office when she ratified and approved the appointment of SSA ALJs.

Other courts, including this Court previously[4], have considered this issue and found that § 3346(a)(2) authorized Ms. Berryhill to resume her role as Acting Commissioner during Mr. Saul's nomination. *See Thomas S. v. Comm'r*, No. C21 - 05213-MAT, 2022 U.S. Dist. LEXIS 16091, 2022 WL 268844, at *3 (W.S. Wash. Jan. 28, 2022); *see also* Reuter v. Saul, No. 19-CV-2053-LRR, 2020 U.S. Dist. LEXIS 231764, 2020 WL 7222109, at *15 n.11 (N.D. Iowa May 29, 2020), adopted by, 2020 U.S. Dist. LEXIS 194881, 2020 WL 6161405, at *6 (N.D. Iowa Oct. 21, 2020). Consequently, Plaintiff's second argument fails.

And lastly, the Court finds that the ALJ applied the correct "listing" in evaluating Plaintiff's musculoskeletal impairment. The SSA recently revised its regulations relating to the evaluation of musculoskeletal disorders. *Revised Medical Criteria for Evaluating Musculoskeletal Disorders*, 85 Fed. Reg. 78,164 (Dec. 3, 2020); 20 C.F.R., pt. 404, subpt. P, app. 1, § 1.00. When issuing the final rules, the Commissioner provided notice that "when the final rules become effective"—on April 2, 2021—the agency "will apply them to new applications filed on or after [that date] and to claims that are pending on or after [that date]." 85 Fed. Reg. at 78,164. In this case, the ALJ applied the new regulations to Plaintiff's claim, which was filed on February 27, 2020, and heard on March 18, 2021, but decided on May 5, 2021. (Tr. 18).

---

[4] *See Nwobi v. Kijakazi*, No. 3:21-CV-00539-KDB, 2022 U.S. Dist. LEXIS 111847 (W.D.N.C. June 24, 2022); *Early v. Kijakazi*, No. 5:21-CV-00096-KDB, 2022 U.S. Dist. LEXIS 101146 (W.D.N.C. June 7, 2022); *Black v. Kijakazi*, No. 1:21-CV-322-KDB, 2022 U.S. Dist. LEXIS 133086 (W.D.N.C. July 26, 2022).

7

Generally, rights under a statute are vested on the date of a judicial decision because neither Congress nor an agency can alter a judgment once one has been rendered. *See Plaut v. Spendthrift Farm, Inc*., 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995). "But until then claims that rest on statutes or regulations are contingent, and the rules may change." *McCavitt v. Kijakazi*, 6 F.4th 692, 694 (7th Cir. 2021)

Congress has granted the Commissioner broad rule-making authority, which includes the authority to establish and revise the criteria in the listing of impairments. *See* 42 U.S.C. § 405(a) ("The [Commissioner] shall have full power and authority to make rules and regulations . . . and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence . . . in order to establish the right to benefits."). Even though the Commissioner's rule-making authority does not expressly authorize "retroactive rulemaking," *Bowen v. Georgetown Univ. Hosp*., 488 U.S. 204, 213 (1988), the Supreme Court has explained that not all changes generate retroactivity concerns. A regulatory change raises retroactivity concerns when it: (1) impairs rights a party possessed when he acted; (2) increases a party's liability for past conduct; or (3) imposes new duties to transactions already completed. *See Landgraf v. USI Film Prod.*, 511 U.S. 244, 280 (1994). Courts will also consider factor such as "fair notice, reasonable reliance, and settled expectations." *Id*. at 270.

After consideration of the *Landgraf* factors, the Court finds that the application of the new musculoskeletal listing to the Plaintiff's claim was not impermissibly retroactive. First, the change in the musculoskeletal listing did not impair Plaintiff's rights. Social Security benefits "are not contractual and may be altered or even eliminated at any time." *United States R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 174 (1980). A recipient of public benefits has no substantive right that guarantees him continued receipt of those benefits. Therefore, individuals who have applied for benefits, but

have not been found entitled to them, have no vested or substantive right to benefits which may be awarded in the future. *See Torres v. Chater*, 125 F.3d 166, 170 (3d Cir. 1997).

Second, the application of the new musculoskeletal listing did not increase Plaintiff's liability for any past conduct or impose any new duties. A "listing" is used to determine a claimant's eligibility for social security benefits, not to regulate past conduct or impose duties of any kind on the claimant. Third, the change in the listing did not interfere with Plaintiff's reasonable reliance or settled expectations. As the Sixth Circuit noted in rejecting a similar argument, "[i]t can hardly be argued that claimants become…impaired in reliance on the availability of the presumption in the listing." *Combs v. Comm'r of Soc. Sec*., 459 F.3d 640, 646 (6th Cir. 2006). There is no indication that the Plaintiff filed his claim or decided the content of his claim "based on how the agency determines whether [he] meet the statutory requirements for disability eligibility." *Id.* There is also "no settled expectation that the agency will use as one as opposed to another algorithm for determining whether the statutory requirements are met." *Id.* Thus, the *Landgraf* considerations do not support a conclusion that application of the new listing to Plaintiff's pending claim is impermissibly retroactive.

Moreover, the Seventh Circuit, in rejecting a retroactivity challenge to the application of a revised listing to a pending claim, explained that a court must focus on the relevant conduct regulated by the provision. *McCavitt*, 6 F.4th at 647 (7th Cir. 2021). The regulated activity is the ALJ's application of the five-step sequential evaluation, "not the date when [the] claimant asserts that disability started, or the date the claim is filed." *Id.* at 649. Because the provision "regulated only the process of adjudicating . . . benefits claim[s]," and that process took place after the revision went into effect, the revision did not operate retroactively. *Id.* In sum, the ALJ did not commit a reversible error by applying the new musculoskeletal listing to the Plaintiff's claim.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 13) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

Signed: August 26, 2022

Kenneth D. Bell
United States District Judge